IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANDIN HUMPHREY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No.  5:15-cv-00232-MTT-CHW |
| | : | |
| JOSE MORALES, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

On June 16, 2015, Petitioner, Brandin Humphrey, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent, Jose Morales, filed a motion to dismiss as untimely on August 26 2015, (Doc. 10) alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions.  Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**. Doc. 10.

I. Procedural History

On July 11, 2007, a Grand Jury in Houston County returned a true bill of indictment against Petitioner for two counts of Armed Robbery, five counts of Aggravated Assault, and one count each of False Imprisonment, Kidnapping, and aggravated Battery. Doc. 11-1. On December 9th, 2008, Plaintiff's jury trial began. At 11:10 A.M. the jury took at mid-morning break.  During the break, the trial judge addressed Petitioner advising him entry of a guilty plea was still possible, and Petitioner was facing life without the possibility of parole if convicted. Doc. 14-2, p. 70. After a brief recess, Petitioner's attorney informed the court that Petitioner

1

wished to enter an open plea of guilty. Petitioner entered an open plea to count one Armed Robbery, count Four Aggravated Assault, and count five Aggravated Assault. Doc. 11-1, p. 6. In exchange for his plea of guilty, counts two, three, six, seven, eight, nine, and ten were nolle prossed. *Id.* Petitioner's open plea was accepted by the trial judge and Petitioner received concurrent sentences of twenty years, to serve fifteen in prison. Doc. 11-1, pp. 10-12.

Following his conviction, Petitioner declined to pursue a direct appeal. He filed a habeas corpus petition in the Superior Court of Chatham County on June 9th 2011.[1] The Court distilled petitioner's claims into four enumerations including illegal sentence, ineffective assistance of counsel, illegal waiver of jury trial, and prosecutorial misconduct. Doc. 11-3, p. 1. The decision denying all four enumerations was filed September 4th, 2014. *Id.* Plaintiff then filed an application for certificate of probable cause to appeal the Chatham County habeas decision, but the application was denied on February 16, 2015. Doc. 11-4, p. 1 On April 20, 2015, Plaintiff's motion for reconsideration was dismissed as untimely. Doc. 11-5. Neither Petitioner nor Respondent presents evidence or argument to show when these applications were filed.[2] On June 16, 2015, the instant action was filed.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

[1] Petitioner does not explicitly allege a date on which his state habeas action was filed. Respondent argues that it was filed on June 9th 2011, but provides a notarized copy of Plaintiff's application dated January 30, 2012, and an uncertified copy of the case history stating that it was filed on June 9th 2011. Doc. 11-2, pp. 9-10. If this evidence is construed in the light most favorable to Petitioner, his state habeas petition was filed at the earlier date.

[2] The date is irrelevant to timeliness because Petitioner's time for filing his federal habeas action expired prior to his initiating a state habeas action.

Because Petitioner filed no direct appeal, his December 16, 2008, judgment became "final" 30 days later, on January 15, 2009, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a); *See also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008). From that date, Petitioner had one year to file a timely petition for federal habeas relief. However, any period of time in which Petitioner had a pending, properly filed application for state post-conviction or other collateral review does not "count" toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner entered his negotiated plea of guilty on December 9, 2008, while the jury was on break during his jury trial. Judgment was entered on December 16, 2008. Doc. 11-1, pp. 10 – 12. Petitioner had thirty days from that date to file a notice of appeal, but he did not. Therefore, the decision of the sentencing court became final, Plaintiff's time for seeking direct review expired, and the one-year AEDPA clock began running on January 15, 2009. From that date, Plaintiff had one-year either to file his federal habeas petition or otherwise to seek state relief that would toll the period. The period expired on January 15, 2009. Petitioner did not file his state habeas petition until June 9, 2011. Any tolling effect the state habeas action may have had is irrelevant, as the one-year AEDPA limitation period had already expired. Therefore, Plaintiff's instant petition is untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner's response to Respondent's Motion to Dismiss does not argue that he is entitled to equitable tolling. See Doc. 13. Instead, Petitioner asserts that his conviction was last reviewed on February 16, 2015. Doc. 13, p. 3 – 4. Petitioner is

not mistaken that his case was reviewed on this date when the Georgia Supreme Court denied a certificate of probable cause to appeal, and arguably, his case was last reviewed April 20, 2015, when the Georgia Supreme Court denied his Motion for Reconsideration. AEDPA's statute of limitations begins to run at the conclusion of direct review, and Petitioner's state court habeas action does not constitute direct review. See *Ramirez v. Estelle*, 678 F.2d 604, 606 (5th Cir. 1982) ("A habeas corpus petition provides collateral review only: it is a secondary proceeding.") Because Petitioner commenced his first collateral attack in state court over one year after the time for seeking direct review had expired, his petition is untimely.[3]

Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 10) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within <u>fourteen (14) days</u> after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

---

[3] Petitioner also objects to Respondent declining to brief the merits of the case until the Court rules on Respondent's Motion to Dismiss. Doc. 13, p. 4. Since Petitioner's complaint is untimely and Respondent's Motion to Dismiss is to be granted, this objection is moot.

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of December, 2015.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge